IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LETHA ALVAREZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:24-cv-3032-BP |
| § | |
| COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Letha Alvarez ("Alvarez") applied for Title II Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). The Commissioner denied her application initially and upon reconsideration, deciding that she was not disabled. Alvarez appealed. There is no reversible error in the residual functional capacity ("RFC") that the Administrative Law Judge ("ALJ") formulated, and there is substantial evidence to support the ALJ's findings that Alvarez was not disabled. Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case **with prejudice.**

I.   BACKGROUND

Alvarez was born on February 5, 1972. Soc. Sec. Admin. R. (hereinafter "Tr.") 23. She applied for DIB and SSI on February 23, 2022, alleging disability since March 11, 2015. Tr. 13. She later amended her alleged disability onset date to May 10, 2020. Tr. 36, 283. On that date, she was closely approaching advanced age. Tr. 23. After a telephonic hearing on May 17, 2024, the ALJ denied her application for benefits in a decision dated July 10, 2024. Tr. 13-24. The Appeals Council ("AC") denied her request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-5. Alvarez filed this civil action seeking judicial

review under 42 U.S.C. §§ 405(g). *See* ECF No. 1; *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (citing 20 C.F.R. § 416.1400(a)(5)) ("[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review.").

## II.     STANDARD OF REVIEW

Titles II and XVI of the SSA govern the DIB program and SSI programs, respectively. *See* 42 U.S.C. §§ 401-434; §§1381-1383f. Claimants seeking benefits under either program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for [SSI]"). A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently doing any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* § 404.1572. Second, the claimant must have a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's RFC and considers

her past relevant work ("PRW"). *See id.* § 404.1520(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations." *Id.* § 404.1545(a)(1).

Previously, PRW meant work the claimant performed "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id*. § 404.1560(b)(1). The definition has since changed, and as of June 22, 2024, PRW means the "work that you have done within the past five years that was substantial gainful activity and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(2). The Commissioner made his decision regarding Alvarez's application after June 22, 2024, so the new definition is applicable and uncontested in this case. *See* Tr. 24.

Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering her RFC. *Id.* § 404.1520(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* § 404.1520(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th

3

Cir. 1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process here. *See* Tr. 13-24. First, the ALJ found Alvarez had not engaged in substantial gainful activity since March 11, 2015. *Id.* at 15. Second, he found the following severe impairments: fibromyalgia, osteoarthritis, a ventral hernia, uterine fibroids, and obesity. *Id.* at 16. Third, he identified no impairment or combination of impairments that qualify under the federal regulatory list. *Id.* at 19. He then assessed Alvarez's RFC and found she could "perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." *Id.* at 20. At step four, he determined that Alvarez was unable to perform any PRW because it required medium exertion. *Id.* at 23.

At step-five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Alvarez could perform. *Id*. The step-five finding meant that Alvarez was

4

ineligible for DIB or SSI because she was not disabled, a finding that terminated the ALJ's evaluation. *Id.* at 24; *see Lovelace*, 813 F.2d at 58.

Alvarez seeks reversal of the ALJ's decision because the "Plaintiff's statements, and the opinion of SSA's own examining physician, directly contradict the ALJ's finding that she can perform the arduous standing/walking requirements of light work." ECF No. 13 at 7.

### A.   Substantial evidence supports the ALJ's RFC determination.

The RFC is an ALJ's assessment, based on all relevant medical and other evidence in the record, of the *most* that a claimant can still do despite her limitations. *See* 20 C.F.R. § 404.1545 (emphasis added). It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *See* Social Security Regulation ("SSR") 96-8P, 1996 WL 374184, at *2 (S.S.A. July 2, 1996); *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. *See* SSR 96-8P, 1996 WL 374184 at *2. "The RFC determination is a combined medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Mary L. v. Comm'r of Soc. Sec.*, No. 3:23-cv-1430-BK, 2024 WL 3939571, at *3 (N.D. Tex. Aug. 26, 2024). The RFC determination is the sole responsibility of the ALJ. *See Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Ripley*, 67 F.3d at 557); 20 C.F.R. § 404.1546. Substantial evidence must support an RFC determination, and the ALJ, not the court, resolves any conflicts in the evidence. *See S.K. v. O'Malley*, No. 3:24-cv-092-BR, 2024 WL 2162777, at *2 (N.D. Tex. May 14, 2024).

"Because a determination [of] whether an impairment[ ] is severe requires an assessment of the functionally limiting effects of an impairment[ ], [all] symptom-related limitations and restrictions must be considered at this step." *Martinez v. Kijakazi*, No. 3:20-cv-3282-BH, 2022

WL 4590577, at *11 (N.D. Tex. Sept. 29, 2022) (quoting SSR 96-3P, 1996 WL 374181, at *2 (S.S.A. July 2, 1996)). Ultimately, a severity determination may not be "made without regard to the individual's ability to perform substantial gainful activity." *Stone v. Heckler*, 752 F.2d 1099, 1104 (5th Cir. 1985).

In making an RFC determination, the ALJ considers evidence of a claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. *See* 20 C.F.R. § 404.1529(a). The ALJ also examines a claimant's medical history, which often documents "such matters as test results, physicians' interpretations of those tests, diagnoses, treatments and procedures, and information regarding [a claimant's] recovery from those procedures." *Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *4 (5th Cir. 2023) (per curiam).

"Under the current regulations, ALJs do not 'defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings.'" *Mary L.*, 2024 WL 3939571, at *4 (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). In reviewing all evidence in the record, "an ALJ is free to reject any medical opinion when the evidence supports a contrary conclusion." *Ward v. Comm'r of Soc. Sec.*, No. 5:24-cv-00153-BP, 2025 WL 531783, at *5 (N.D. Tex. Feb. 18, 2025) (internal citations omitted). Additionally, an ALJ's RFC finding does not need to "mirror or match a medical opinion." *Mary L.*, 2024 WL 3939571, at *4 (internal citations omitted). Nor is there a requirement that an ALJ is required to incorporate limitations in the RFC that he did not find the record supported. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991).

While an ALJ generally should "request a medical source statement describing the type of work that the applicant is still capable of performing[, t]he absence of such a statement . . . does

not, in itself, make the record incomplete." *Gonzales v. Colvin*, No. 3:15-cv-0685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (quoting *Ripley*, 67 F.3d at 577); *see also Vasquez v. O'Malley*, No. 24-50233, 2024 WL 4381269, at *2 (5th Cir. 2024) (finding "[a]n administrative record is not *per se* incomplete without a medical opinion about a claimant's limitations, so long as it otherwise contains substantial evidence to make the RFC assessment"). Medical opinions are just one category of evidence that ALJs consider when determining a claimant's RFC. *See* 20 C.F.R. § 1513.

The pertinent SSRs explain that an RFC assessment takes into consideration many factors, not just medical evidence. *See* SSR 96-8p, 1996 WL 374184 at *3 (July 2, 1996) (RFC is based on all the relevant evidence of an individual's abilities to do work-related activities); *see Johnny M. v. Saul*, No. 5:20-cv-173-BR, 2022 WL 9597736, at *4 (N.D. Tex. Jan. 21, 2022) (affirming the ALJ's decision based on substantial evidence because the ALJ had considered the medical and other evidence in the record, even absent a medical source statement describing the types of work Plaintiff could do). Thus, when there is no medical statement in the record, the inquiry shifts and "focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557; *see S.K.*, 2024 WL 2162777, at *3 (finding that "[a]n ALJ may properly make a disability determination that does not expressly adopt any medical opinion when it is based on substantial evidence").

Although a claimant's step-two burden is quite low, it remains exceedingly difficult to show that substantial evidence does not support an ALJ's opinion, in whole or in part. Evidence is substantial if it "is more than a mere scintilla," but it need not be greater than a preponderance. *Boyd*, 239 F.3d at 704. It is the bare minimum needed for "a reasonable mind [to] accept to support a conclusion." *Ripley*, 67 F.3d at 555 (quoting *Greenspan*, 38 F.3d at 236). A finding of no

substantial evidence is only appropriate where a reasonable mind could not support the ALJ's conclusion based on the evidence under consideration. *See id.*

Substantial evidence did not support the ALJ's RFC determination in *Ripley*, thus warranting remand, because the record "d[id] not clearly establish…the effect [the claimant's] condition had on his ability to work." *Id.* at 557. The ALJ found Ripley not disabled because he could perform sedentary work. *Id.* Even though the record included "a vast amount of medical evidence," including "reports discussing the extent of Ripley's injuries," no reports from "qualified medical experts" showed how Ripley's condition affected his ability to perform sedentary work. *Id.* at 557 & n.27.

After *Ripley*, the Court found that reversible error lies where the "record does not clearly establish" how an applicant's condition affects her ability to work. *Bowles v. Comm'r of Soc. Sec.*, No. 7:20-cv-00112-O-BP, 2021 WL 7451148, at *3 (N.D. Tex. Oct. 19, 2021), *rec. adopted*, 2022 WL 768546 (N.D. Tex. Mar. 14, 2022); *Fitzpatrick v. Colvin*, No. 3:15-cv-3202-D, 2016 WL 1258477, at *7-8 (N.D. Tex. Mar. 31, 2016); *Thornhill v. Colvin*, No. 3:14-cv-335-M, 2015 WL 232844, at *10 (N.D. Tex. Dec. 15, 2014), *rec. adopted*, 2015 WL 232844 (N.D. Tex. Jan. 16, 2015).

Alvarez argues that substantial evidence did not support the ALJ's RFC determination. ECF No. 13 at 16. She asserts that the ALJ found that Alvarez can perform only light work, yet the "SSA['s] examining expert Dr. Chintala's opinion [found] that Plaintiff is markedly limited in her abilities to stand/walk, lift, and carry and handle objects because of her documented fibromyalgia, lupus, uterine fiber tumors, abdominal hernia, and degenerative arthritis… ." ECF No. 13 at 12. Alvarez concludes that the ALJ relied on his own interpretation of raw medical data and non-medical evidence to assess her RFC. *Id.* at 16.

However, the record reflects that in determining her RFC, the ALJ incorporated medical evidence and reviewed the entire record. The ALJ indicates that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. 20. He considered Alvarez's subjective complaints, medical opinions, prior administrative medical finding, and her testimony at the hearing. Tr. 20, 22-23.

In addressing the hearing testimony, the ALJ found that Alvarez's medically determinable impairments could be expected to cause some of her alleged symptoms. Tr. 21. Nonetheless, he determined that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence or other evidence in the record. *Id.* In support of this finding, the ALJ noted some of Alvarez's objective clinical findings, the treatment history, and the activities of daily living that she could perform. *Id.*

The ALJ found that the opinion of Dr. Vijaya Chintala, the consultative examiner, was not persuasive because it was inconsistent with Alvarez's conservative treatment history and her activities of daily living. Tr. 22, 2977-89. The ALJ may find medical opinions unpersuasive as the Fifth Circuit has held that "ALJs are no longer required to give controlling weight to a treating physician's opinion… ." *Webster v. Kijakazi*, 19 F.4th 715, 719-20 (5th Cir. 2021). Here, the ALJ summarized the complete medical record in noting that the "physical exams were rather benign with a generally intact range of motion, a lack of sensory and motor deficits, and an ambulatory gait throughout. The lack of findings upon physical examination, in combination with [Alvarez's] intermittent and conservative treatment history, do not support additional limitations." TR. at 21. Focusing on Alvarez's inconsistent treatment history, he concludes that "this pattern of care yields an inference that the claimant's symptoms were not unduly concerning at baseline, but rather

motivated the claimant to seek care only on occasion." *Id*. He remarks that Alvarez "did not quit smoking, even briefly, to allow for the surgery, or rearrange her work schedule," to alleviate her hernia and uterine bleeding. *Id*.

As to Alvarez's activities of daily living, the ALJ notes that "[she] has indicated an ability to clean and maintain her household to a certain extent, advising the consultative examiner that she was able to sweep, grocery shop, cook, and do laundry." *Id*. at 22. The ALJ concludes that "[a]s the claimant was able to engage in full time work between 2018 and 2019 with many of the same symptoms, it is likely she would be able to continue to do so," and that the impetus for Alvarez's decision to refrain from working was not her alleged impairments. *Id*.

In contrast to Dr. Chintala's opinion, the ALJ found the opinions of the State agency medical consultants ("SAMCs")as persuasive because they were "well supported by the objective clinical findings including rather benign physical exams and imaging reports, and these opinions are consistent with the conservative treatment history and the activities of daily living as described." Tr. at 22. Though Alvarez argues that the SAMCs and the ALJ failed to consider the totality of Dr. Chintala's exam results and assessment, this does not constitute error as ALJs are not required to adopt a medical expert's opinion in formulating the RFC. *Webster*, 19 F.4th at 719-20 (5th Cir. 2021).

The ALJ's opinion references many factors that led to his conclusion that Alvarez is not disabled. The ALJ dedicated almost four pages of his opinion to an analysis of the entire record, including Alvarez's testimony at the hearing, previous treatment and examinations from health care professionals, reported daily activities, medical opinions, and prior administrative medical findings. Tr. 16-19.

10

The pertinent SSRs explain that an RFC assessment takes into consideration many factors, not just medical evidence. *See* SSR 96-8p, 1996 WL 374184 at *3 (July 2, 1996) (RFC is based on all the relevant evidence of an individual's abilities to do work-related activities). Further, under agency policy, even though the ALJ's RFC assessment may adopt a medical source statement, or elements of it, they are not the same. *See id*. Accordingly, an ALJ is permitted to consider the totality of the evidence in assessing a claimant's RFC.

There is no requirement that the ALJ adopt a specific physician's assessment. Instead, he is responsible for weighing all the evidence and determining a claimant's capacity for work. *See Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773 at *4 (5th Cir. Jan. 18, 2023). The Fifth Circuit has commented that "experienced ALJs can draw their own conclusions based on accurate medical information." *Barrett*, 906 F.3d at 343.

ALJs may assign more or less persuasive value to certain evidentiary sources and reach an RFC based on some, but not all, of the evidentiary record. *Vasquez v. Comm'r of Soc. Sec.*, No. 7:21-cv-00028-O-BP, 2022 WL 2975471, at *5 (N.D. Tex. June 30, 2022), *rec. adopted*, No. 7:21-cv-00028-O-BP, 2022 WL 2972240 (N.D. Tex. July 26, 2022). Thus, even though the ALJ noted that Dr. Chintala concluded Alvarez cannot tolerate more than minimal standing/walking, for about 30 minutes (*See* TR. 2978), the ALJ's decision is not devoid of any medical opinions, and the record as a whole supports his conclusion. In finding Dr. Chintala's opinion unpersuasive, the ALJ explained his reasoning. Accordingly, the ALJ properly evaluated the medical opinion evidence of record in reaching his conclusion.

### B.     The ALJ properly considered Alvarez's subjective complaints.

The ALJ evaluates a claimant's subjective complaints using a two-part process. *Salazar v. Chater*, 74 F.3d 1236 (5th Cir. 1995) (citing 20 C.F.R. § 404.1529). First, "medical signs or

11

laboratory findings" must show the claimant has a "medically determinable impairment that could reasonably be expected to produce [her] symptoms, such as pain." 20 C.F.R. § 404.1529(b). Second, the ALJ must "evaluate the intensity and persistence of [her] symptoms so that [he] can determine how [her] symptoms limit [her] capacity for work." *Id.* § 404.1529(c)(1). Here, the ALJ found the first part satisfied, but during the second part, noted an inconsistency between Alvarez's subjective complaints and the record as a whole. The ALJ determined that Alvarez's impairments could cause her symptoms, but her "statements concerning the intensity, persistence, and limiting effects of these symptoms" were not "entirely consistent with the medical evidence and other evidence in the record…." Tr. 21-23.

Alvarez contends that the ALJ improperly analyzed evidence because he did not compare Alvarez's statements to the record or any other opinions, and as a result, he did not properly evaluate the self-described symptoms. *See* ECF No. 13 at 17-18. For part two, the ALJ considers "all of the available evidence," § 404.1529(c)(1), including medical opinions and evidence of factors relevant to a claimant's symptoms. *Id.* § 404.1529(c)(3). Alvarez asserts that the ALJ erred because his "[f]indings about a claimant's self-described limitations, like all findings, must be reasonably connected to the evidence of record" ECF No. 13 at 10. However, the ALJ's decision shows that he considered such evidence, and that it is connected to the record.

For example, one factor he considered was "[t]reatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [her] pain or other symptoms." § 404.1529(c)(3)(v); *see also Bergeron v. Astrue*, No. H-08-2851, 2009 WL 3756915, at *6 (S.D. Tex. Nov. 5, 2009) (applying 20 C.F.R. § 404.1529(c)) (finding claimant's subjective complaints unsupported where "the records show[ed] very limited treatment for a mental disorder since the alleged onset date"). The ALJ explained that Alvarez's treatment history was not consistent with

12

a finding of disability Tr. 21. He reasoned that, if Alvarez's symptoms were as severe as alleged, she would have sought out additional treatment beyond intermittent emergency room visits. *Id*. The ALJ noted that this pattern of care yields an inference that Alvarez's symptoms were not unduly concerning at baseline, but rather motivated her to seek care only on occasion. *Id*. Alvarez also indicated that her hernia is inoperable, but the ALJ noted that treatment notes from 2015 reflect that her doctor would not operate on the hernia until Alvarez had stopped smoking for two weeks. *Id*. Further, Alvarez was scheduled for surgeries in 2017 but rescheduled them due to a work conflict. *Id*. More recently, in April 2024, one of Alvarez's doctors recommended only physical therapy and medication for her knee problems. *Id*. The ALJ reasoned that "these data points seem to suggest the claimant's symptoms were not overly severe." *Id*; *see also Coats v. Colvin*, No. 3:12-cv-4968-M-BK, 2013 WL 6052879, at *5 (N.D. Tex. Oct. 11, 2013) (claimant's conservative treatment did not support her disability claims), *rec. adopted*, 2013 WL 6052879, at *1 (N.D. Tex. Nov. 14, 2013).

The ALJ also considered Alvarez's reported "daily activities." 20 C.F.R. § 404.1529(c)(3)(i); *see* Tr. 22. As already mentioned, Alvarez reported "an ability to clean and maintain her household to a certain extent, advising the consultative examiner that she was able to sweep, grocery shop, cook, and do laundry." Tr. 22. The ALJ recognized that Alvarez testified to more restrictions during the hearing, but that testimony "is inconsistent with her work activity in 2023," as a home health aide. *Id*. This suggested to the ALJ that her previous work supported a higher level of function than disabled. *Id*. Further, the ALJ considered that Alvarez "endorsed many of [her] symptoms as far back as 2014, with little to no significant change in her conditions noted over a several year period." *Id*. Further, the ALJ reasoned that because Alvarez "was able to engage in full time work between 2018 and 2019 with many of the same symptoms, it is likely she

13

would be able to continue to do so." *Id.*; *see Griego v. Sullivan*, 940 F.2d 942, 944-45 (5th Cir. 1991) (claimant's subjective complaints did not prevent her from sedentary work).

An ALJ's "determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304 (Oct. 24, 2017). Here, the ALJ's decision contains reasons for the weight he gave to Alvarez's symptoms, is consistent with evidence in the record, and clearly articulate the ALJ's consideration of the evidence and conclusions. It also shows the ALJ's reliance on substantial evidence under 20 C.F.R. § 404.1529(c) in evaluating Alvarez's complaints. Accordingly, reversal is not necessary on Alvarez's second issue.

### IV.   CONCLUSION

Because the ALJ applied the proper legal standards and substantial evidence supports the ALJ's decision, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case **with prejudice.**

It is so **ORDERED** on June 13, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE